1  McGREGOR W. SCOTT
United States Attorney
2  HENRY Z. CARBAJAL III
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099
5
Attorneys for Plaintiff
6  United States of America

7

8               IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO.  1:15-CR-00233 DAD-BAM

                        Plaintiff,           STIPULATION REGARDING EXCLUDABLE
12                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
                                             AND ORDER
          v.
13                                           DATE: January 13, 2021
   MANUEL CADENAS RIVAS,                     TIME: 1:00 p.m.
14                                           COURT: Hon. Barbara A. McAuliffe
                        Defendant.
15

16

17        This case is set for status conference on October 14, 2020.  On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California until further order

19  of the Court, and allows district judges to continue all criminal matters in its discretion pursuant to the

20  Court's previous General Orders.  This Order and other General Orders (611-617, 620-621 and 624)

    were entered to address public health concerns related to COVID-19.

21        Although the General Orders address the district-wide health concern, the Supreme Court has

22  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

23  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

24  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

25  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

26  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

27  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

28  or in writing").

1    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

2  and inexcusable—the General Orders, including 618, require specific supplementation.  Ends-of-justice

3  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

4  the ends of justice served by taking such action outweigh the best interest of the public and the

5  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

6  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

7  ends of justice served by the granting of such continuance outweigh the best interests of the public and

8  the defendant in a speedy trial."  *Id.*

9    The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

10  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

11  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

12  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

13  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

14  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

15  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

16  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

17  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

18    In light of the societal context created by the foregoing, this Court should consider the following

19  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

20  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

21  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

22  pretrial continuance must be "specifically limited in time").

## STIPULATION

24    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

25  through defendant's counsel of record, hereby stipulate as follows:

26    1.    By previous order, this matter was set for status on October 14, 2020.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

2.      By this stipulation, defendant now moves to continue the status conference until January 13, 2021, and to exclude time between the date of this stipulation, and January 13, 2021, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case currently includes more than 100,000 pages of Bates stamped discovery, including items seized by search warrant, investigative reports and related documents.  Initial discovery and supplemental discovery has been produced directly to counsel with the remaining items made available for inspection and copying.  The government will produce Bates stamped copies of the remaining discovery on a rolling basis, as soon as practicable.

b)      Defense counsel for Mr. Rivas requires additional time to review discovery and evaluate a plea offer made to the defendant.  The parties need additional time for the government to provide, and for Mr. Rivas' counsel to review, additional discovery material and for defense counsel to communicate with his client regarding the pending plea offer.  Thus, the requested continuance will conserve time and resources for the parties and the Court.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to, and agrees with, the requested continuance.

e)      In addition to the public health concerns cited by General Order 618, and other General Orders, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is appropriate in light of the aforementioned facts.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to January 13, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

3

1    [Local Code T4] because it results from a continuance granted by the Court at defendant's

2    request on the basis of the Court's finding that the ends of justice served by taking such action

3    outweigh the best interest of the public and the defendant in a speedy trial.

4         4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

5    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

6    must commence.

7         IT IS SO STIPULATED.

8

9

10   Dated:  October 7, 2020                McGREGOR W. SCOTT
                                            United States Attorney

11

12                                          /s/ HENRY Z. CARBAJAL III
                                            HENRY Z. CARBAJAL III
13                                          Assistant United States Attorney

14

15   Dated:  October 7, 2020                /s/ JAMES HOMOLA
                                            JAMES HOMOLA
16                                          Counsel for Defendant
                                            MANUEL CADENAS RIVAS
17

18

19                    **<u>ORDER</u>**

20        IT IS SO ORDERED that the Status Conference is continued from October 13, 2020 to **January

21   13, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**  Time is excluded pursuant to

22   18 U.S.C.§ 3161(h)(7)(A), B(iv).

23

24

25   IT IS SO ORDERED.

26   Dated:   **October 7, 2020**              /s/ *Barbara A. McAuliffe*

27                                          UNITED STATES MAGISTRATE JUDGE

28